PEOPLE *v.* STEVENS.

1. ADULTERY—EVIDENCE SUFFICIENT TO ESTABLISH MARITAL RELA-
TION.

In prosecution for adultery, uncontroverted testimony that wit-
ness saw defendant wife and complainant husband joined
together by marriage ceremony performed by clergyman, that
they lived together thereafter for many years as husband and
wife, and that child had been born to them, was sufficient to
establish marital relation.

2. CRIMINAL LAW—HUSBAND AND WIFE—WITNESSES.

In prosecution of wife for adultery, calling of defendant's hus-
band as witness was not reversible error, where, before formal
objection, court interfered, told defendant's counsel he need
not.object, and, after conference of court and counsel, witness
left stand.

Error to Van Buren; Warner (Glenn E.), J. Sub-
mitted April 11, 1929. (Docket No. 123, Calendar
No. 34,259.) Decided June 3, 1929.

Claude I. Stevens and Maude S. Scott were con-
victed of adultery. Affirmed.

*Roman F. Glocheski,* for appellants.

*Wilber M. Brucker,* Attorney General, and *Lewis
R. Williams,* Prosecuting Attorney, for the people.

CLARK, J. Defendants were convicted of adultery
and bring error.

It is contended there was no proper evidence of
marriage between defendant Maude S. Scott and
complainant, her husband, Avon L. Scott.

There was uncontroverted testimony of a witness
that she saw said persons joined together by a mar-

riage ceremony performed by a clergyman, that they lived together thereafter many years as husband and wife, and that a child had been born to them. This is sufficient to establish the marital relation. See *People* v. *Imes,* 110 Mich. 250; ·38 C. J. p. 1335; and see *People* v. *Perriman,* 72 Mich. 184, where the question of such evidence is discussed.

During the trial, the husband was called to the witness stand on behalf of the people, when the following occurred:

*"Mr. Glocheski* (defendant's counsel): Just a minute—

*"The Court:* Just a minute, now, counsel. Let me talk to the prosecutor; and let me talk to you. You need not object.

(The counsel and court conferred privately.)

*"Mr. Cavanaugh* (prosecuting attorney): Mr. Scott, you may come back."

This incident is urged as reversible error. The point of prejudice usual in such cases is of defendant's being compelled to assert nonconsent, to object, which attracts attention of the jurors, who might naturally draw prejudicial inferences. *People* v. *Trine,* 164 Mich. 1; *People* v. *Werner,* 225 Mich. 18. In the instant case, before questioning was attempted, and before formal objection, the court interfered, told defendant's counsel he need not object, and the witness left the stand. The incident is not reversible error. The point is ruled by *People* v. *Osborn,* 205 Mich. 531.

Assignments of error fully considered present no reversible error.

Affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.