## WIEGHMINK *v.* HARRINGTON.

1. NEGLIGENCE—TRESPASSERS—INVITEES—CUSTOMS AND USAGES.

In action by customer against coal yard operator and an employee for injuries sustained when device, consisting of coal screen and hopper, collapsed while plaintiff was standing on it to dislodge some clogged coal, if he was neither expressly invited to stand thereupon nor permitted to do so by custom of the yard, he was a trespasser.

2. SAME—TRESPASSERS—LICENSEES—ACTIVE NEGLIGENCE.

After the owner of premises is aware of the presence of a trespasser or licensee, or if in the exercise of ordinary care he should know of their presence, he is bound to use ordinary care to prevent injury to them arising from active negligence.

3. SAME—CONTRIBUTORY NEGLIGENCE—COLLAPSE OF COAL-SCREENING DEVICE.

In action by customer against coal yard operator and employee for injuries sustained when device containing a coal screen and hopper collapsed while plaintiff was standing upon it endeavoring to dislodge coal, where there is evidence that crane operator knew device was unsafe, should have anticipated plaintiff's position and not have overloaded device upon plaintiff's request to put more coal in, questions of operator's negligence and plaintiff's contributory negligence should have been submitted to jury even though plaintiff may have been a trespasser.

4. TRIAL—COMMENT OF JUDGE ON EVIDENCE—PROVINCE OF JURY.

Trial judge in commenting on the weight of testimony in a civil case must use care to avoid invading province of the jury.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 10, 1935. (Docket No. 47, Calendar No. 38,539.) Decided January 31, 1936. Rehearing denied March 3, 1936.

Case by John Wieghmink against Austin Harrington and another for personal injuries alleged to have been caused by negligent maintenance and operation of a device containing a coal screen and hopper. Verdict and judgment for defendants. Plaintiff appeals. Reversed and new trial granted.

*Louis J. Stempfly* and *Leo W. Hoffman,* for plaintiff.

*Diekema, Cross & Ten Cate,* for defendants.

FEAD, J. Plaintiff reviews judgment for defendants on verdict of a jury in action for negligent personal injuries.

Defendant Harrington operates a wholesale and retail coal yard under management of his son Harry. He constructed and used a screening device, which consisted of a hopper resting on 12-foot supports,

into which coal was dumped by means of a railroad crane and out of the bottom of which the coal ran over an inclined screen to the customer's truck. Defendant Kuite was the crane operator.

Plaintiff went to the yard for coal and placed his truck in proper position under a screen for loading. Kuite put several hundred pounds of coal into the hopper. After some coal had run down into the truck the hopper clogged, plaintiff climbed upon it, loosened the coal with a shovel and told Kuite to put in more, which he did. Shortly thereafter the hopper collapsed, injuring plaintiff.

The negligence, claimed and as submitted to the jury, was that the screening device was unsafe by reason of improper construction and that Kuite overloaded it. Defendants say plaintiff was a trespasser, to whom they owed no duty, and he was guilty of contributory negligence.

Defendants claim customers were not authorized to go upon the hopper; that workmen were provided to aid in loading and were called when the coal clogged; scantling were kept handy by which the coal could be displaced by one standing on the truck and without going on the device. However, the manager had known of customers going upon the hopper to loosen coal and had not forbidden the practice, although he had not directly permitted it; and there was testimony of similar knowledge on the part of Kuite.

Several customers stated that they had gone upon the device at various times to loosen coal. Plaintiff said he had done it himself on previous occasions and had seen others do it. He testified that when the clogging occurred, on the occasion of the injury, no workman was present and Kuite told him to go on the hopper and loosen the coal. Kuite denies such directions and said he did not see plaintiff on the

hopper because he could not see that side of it from the cab of the crane. They agree that plaintiff told Kuite to put in more coal, and he did so. They disagree on the amount of coal he dumped into the hopper on instructions of plaintiff. Plaintiff also testified that Kuite said he knew the hopper was unsafe because it did not stand squarely on its legs, and he had told them.

Plaintiff's principal complaint is in instructions to the jury.

"If you find that the plaintiff, that is Mr. Wieghmink, if you find that the plaintiff had no right to climb upon the screen, didn't have any business up there, then he is guilty of contributory negligence and cannot recover. * * * If plaintiff went to the place of business it was his duty to go to the place on the premises provided for him to be, and if he went to any other place on the premises, Mr. Harrington would not owe the plaintiff any duty in this case while the plaintiff was in a place on the premises where he had no right to be. * * *

"The proofs in this case are undisputed that the defendant, Mr. Harrington, sold his coal delivered into the truck, so it was the duty of Mr. Harrington through his employees to place the coal into the trucks, and the plaintiff was under no legal obligation to climb upon the screen, and if he voluntarily, without request from Mr. Kuite, and unless it was the custom so to do in that yard, climbed upon the screen and told Mr. Kuite to dump more coal into the hopper, then the plaintiff was the author of his own injury and cannot recover.

"If you find that after the hopper clogged that the plaintiff told Mr. Kuite to dump more coal into the hopper and that the screen broke by reason of the dumping of the extra coal into the hopper, then the plaintiff was guilty of contributory negligence in telling Mr. Kuite to dump more coal."

We think the instructions were erroneous. If, as the verdict indicates, plaintiff was not expressly invited by Kuite to go upon the screen and was not authorized to go there by virtue of the custom of the yard, he was a trespasser. The rule that one owes no duty to trespassers has exceptions.

"The weight of authority would appear to be that after the owner of premises is aware of the presence of a trespasser or licensee, or if in the exercise of ordinary care he should know of their presence, he is bound to use ordinary care to prevent injury to them arising from active negligence." *Schmidt* v. *Michigan Coal & Mining Co.,* 159 Mich. 308.

See, also, *Herrick* v. *Wixom,* 121 Mich. 384 (6 Am. Neg. Rep. 576); 45 C. J. p. 749.

Kuite said he did not see plaintiff on the screen because of the position of his crane. But it appears undisputed that the coal clogged, there was no workman present to loosen it, and Kuite took directions for more coal from plaintiff; and there was testimony that he knew customers climbed on the device to release clogging. Although the jury may have found that there was not sufficient custom of the yard to constitute plaintiff an implied invitee or a licensee in going on the screen, it could have found that there was sufficient of a practice, known to Kuite, as would have put him on inquiry as to plaintiff's position when he loosened the coal and, in the exercise of reasonable care, he (Kuite) should have anticipated that plaintiff might be on the screen. If he (Kuite) knew or was chargeable with knowledge that plaintiff was on the screen, Kuite was guilty of active negligence if he overloaded the device and knew it was unsafe, as claimed by plaintiff. The issues of Kuite's duty and plaintiff's contribu-

tory negligence under the circumstances were for the jury even though plaintiff were a trespasser.

Complaint is made of a portion of the charge expressing the opinion of the court on the weight of certain testimony. We call attention to the care necessary in such instructions to avoid invading the province of the jury. *People* v. *Lintz,* 244 Mich. 603; *People* v. *Lenic,* 255 Mich. 29.

Reversed, with costs and new trial.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.