## BURPEE *v.* LANE.

TRIAL — INSTRUCTIONS — COMMENT ON EVIDENCE — COURT RULES —
AUTOMOBILES.

> In action and cross-action between drivers of automobiles which
> collided at a hospital entrance, instruction of court *held*, with-
> out reversible error where it fairly outlined issues to be deter-
> mined by the jury and cautioned jury to draw its own conclu-
> sions from evidence presented notwithstanding judge's com-
> ments on the evidence made pursuant to Court Rule No. 37,
> § 9 (1933).

Appeal from Kalamazoo; Weimer (George V.),
J.   Submitted January 10, 1936.   (Docket No. 34,
Calendar No. 38,664.)   Decided March 2, 1936.

Case by Harold Burpee against Charles Lane for
personal injuries received in a motor vehicle colli-
sion.   Cross-declaration by defendant against plain-
tiff.   Verdict and judgment for plaintiff.   Defend-
ant appeals.   Affirmed.

*Clair S. Beebe,* for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendant.

TOY, J. At about 8:20 p. m. on October 9, 1934, the defendant, while driving his Oakland automobile easterly on Gull road, within the city limits of Kalamazoo, approached the entrance driveway of the Borgess Hospital and started to turn north across Gull road for the purpose of entering the driveway when the plaintiff, driving a milk truck westerly on Gull road, collided with defendant's car, by reason of which each party suffered damages.

Plaintiff filed his declaration alleging the negligence of defendant as the proximate cause of the accident, and defendant filed his cross-declaration claiming that plaintiff's negligence was the proximate cause thereof. Issue was joined on the respective claims of the parties, trial was had, and the questions of fact raised submitted to a jury, who found damages for the plaintiff in the amount of $650. Judgment was entered in that amount and defendant appeals therefrom.

In defendant's brief he submits for our determination only the following question:

"Was the charge of the court erroneous as argumentative, prejudicial, and as withdrawing inferential questions of fact from the consideration of the jury?"

Defendant sets forth in his "reasons for appeal" ten portions of the charge of the trial judge, which he claims were argumentative, prejudicial, and which he claims withdrew inferential questions of fact from the jury.

While a reading of certain of the portions of the charge complained of when removed from their context might, at first blush, give an impression that defendant's complaint was merited, yet upon a careful study of the charge as a whole, read in the light of the record, we cannot find that any of the por-

tions complained of are prejudicial or argumentative, or that the trial court, by such charge, withdrew inferential questions of fact from the consideration of the jury. On the contrary, it appears that the trial judge, in a lengthy charge, outlined the issues to be determined fairly, and in a careful manner, so that the jury might regard them impartially. Specifically, he charged as follows:

"You are not bound by the court's views of the evidence. You are not to accept what I am now saying to you about the photographs; but it is the right and privilege, the duty of the court to discuss the evidence, at least those portions of the evidence about which there is no dispute, in aiding you in your deliberations."

And again:

"As I said a moment ago, you are the judges of the testimony and the evidence. You are not bound by anything the court says to you upon the facts or upon the evidence. It is for you to say what the testimony is and what the evidence is and what the facts shown by the testimony and evidence are."

Cautions of like nature appear intermittently throughout the charge.

The trial judge did make comment on the evidence and testimony in his charge, but did so fairly and impartially, and this he had a right to do by virtue of Court Rule No. 37, § 9 (1933). See *Thomson* v. *Brandt,* 249 Mich. 127.

We find no reversible error in the charge, which as a whole fairly submitted the issues to the jury. The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.