PEOPLE v. OATES.

1. CRIMINAL LAW—FAIR TRIAL.
     One accused of crime is entitled to a fair and impartial trial in
     accordance with the Constitution and laws.

2. SAME—ASSAULT—JUDICIAL COMMENT.
     Trial judge's remarks to jury in prosecution of 28-year-old man
     for assault with intent to do great bodily harm, committed
     upon his younger sister, *held*, reversible error, as beyond
     the bounds of permitted scope of judicial comment.

3. SAME—AMENDMENT OF INFORMATION—SAVING QUESTION FOR RE-
     VIEW.
     Complaint of defendant, made for first time on appeal from his
     conviction and sentence for assault with intent to do great
     bodily harm, that information had not been amended to
     eliminate from charge of assault that it had been perpetrated
     "with a dangerous weapon, to-wit: shoes", as moved by prosecu-
     tor and as consented to by defendant, *held*, too late, where no
     objection was made thereto at the trial nor on motion for new
     trial.

4. SAME—PLEA OF INSANITY—EVIDENCE.
     Denial of right to show jury that prior to the date of the people's
     information against defendant that a statutory petition in-
     quiring into his sanity had been filed *held*, not reversible error,
     where there had been a report of the psychiatrists that he was
     not criminally insane, no plea of insanity was interposed, or
     effort belatedly to make such plea prior to or during trial.

REFERENCES FOR POINTS IN HEADNOTES
[1]   14 Am Jur, Criminal Law §§ 129–132.
[2]   53 Am Jur, Trial §§ 76–91.
[3]   5 Am Jur 2d, Appeal and Error § 599.
[4]   5 Am Jur 2d, Appeal and Error §§ 736–743, 798.
      14 Am Jur, Criminal Law §§ 257–261.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 11, 1963. (Calendar No. 34, Docket No. 49,786.) Decided February 7, 1963.

Billy Eugene Oates was convicted of assault with intent to do great bodily harm. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George F. Taylor,* Prosecuting Attorney, and *Robert L. Templin,* Assistant Prosecuting Attorney, for the people.

*Carlton S. Roeser,* for defendant.

BLACK, J. This case, one of prosecution of a 28-year-old brother for having brutally beaten his younger sister, calls into play the self-disciplinary firmness which, 36 years ago, was voiced here by a distinguished predecessor. On that occasion another prosecutor said to the Court that the "real" question was: "Should the respondent in this case have been convicted?" Mr. Justice FELLOWS, speaking for himself and 3 other members of the Court, rejoined (*People* v. *Rich,* 237 Mich 481, 497):

"The 'real' question, and the only question for this Court, sitting as a reviewing court, is whether there is reversible error on the record before us. If so, there must be a reversal; if not, there must be an affirmance. It is the boast of our people, and 1 of the tenets of our institutions, that the meanest of our citizens is secured a fair and impartial trial in accordance with the Constitution and laws; that he is entitled to be tried in 'accordance with the law of the land.'"

Defendant was jury-convicted of assault with intent to do great bodily harm and was sentenced to

imprisonment for a term of from 7–1/2 to 10 years. He appeals on grant of leave.

*First:* The trial judge (Doty, J.), unable apparently to control his understandable feelings, told the jury:

"Now, the difference between aggravated assault and the assault charged in this case, of course, as has been stated here, is one of intent. That is the principal question for your consideration in this case. What was his intent when beating his sister? Ordinarily an accused or a criminal does not confess his intent, does not show it, and you cannot look into the breast of the accused and determine his intent, but in this case he did express his intent to the officers that 'I killed her and I would do it again.' 'I intended to kill her and I would do it again.' And he told his mother 'She got just what she deserved.' Now, those questions bear on his intent, and then he did tell 1 of the officers that he kicked her and then he changed it later. The kicking bears somewhat on the question of intent also, but, as bearing upon the question of intent, you may also consider the nature of the injuries received by the sister—a pitiful sight, going blind, going deaf, and, while there is no medical testimony to the effect, I am of the opinion from statements on the stand that she might lose her mind. He might better have killed her if that is the case. The force used bears very heavily upon the question of intent in this case. Furthermore, as bearing upon the question of intent: The fact he left the scene, thinking he had killed her—a little child, 18 months of age—was he going for help? No. Then going out on the street—picked up 2 hours afterwards. Then he told the officer he had killed her, intended to kill her, would do it again. Did he show any remorse? And that was 2 hours after the commission of the crime. That bears upon the question of intent also.

"Now, you know what the doctor said, that it could have been caused by fists, but it must have been by

a strong man. You saw the defendant on the witness stand in this case, with T.B. and weighing 125 or 130 pounds. Do you think he could cause all this injury with fists? Was he telling the truth in his first statement to the officers when he said he kicked her? That is a question of fact for your consideration in this case."*

This exceeded all bounds of permissible "comment" upon defendant's testified admission that he had beaten his sister into insensibility and actually thought he had killed her. It amounted plainly to reversible error. See extended discussion, with delineation of reasons for strict limitation of the permitted scope of judicial comment, in *People* v. *Padgett,* 306 Mich 545, followed recently in *People* v. *Barmore,* 368 Mich 26, 28.

*Second:* Defendant inquires, by stated question:

"Did the trial court err in permitting a conviction under an information that recites that the respondent and appellant herein: 'feloniously did assault one Odell Wyatt with a dangerous weapon, to-wit shoes, with intent to do great bodily harm less than the crime of murder, contrary to section 84, Act 328 of the Public Acts of 1931,' all when the word 'shoes' is stricken from the information immediately prior to trial and there is absolutely no evidence or testimony introduced pertaining to a dangerous weapon?"

Prior to trial the prosecutor moved "to omit from the information 'assault with a dangerous weapon, to-wit: shoes.'" Defendant's counsel, answering the trial judge with respect to the proposed amendment, said he had no objection thereto. The amendment was made accordingly, and the case proceeded to trial upon such amended information. No objec-

---

* The 18-month-old infant mentioned by the trial judge was left by defendant, unattended in the house, after he had beaten his sister into insensibility.

tion to the amendment, or motion with respect to trial of the issue made by the amended information, was thereafter made. The point was not even raised on motion for new trial. It entered the record too late for appellate consideration.

*Third:* Defendant claims he was denied the right to show, before the jury, that a statutory petition inquiring into his sanity had been filed, in the Oakland county probate court, prior to the date of the people's information against him. It is a sufficient answer to such specification of error to say that the "report of the psychiatrists was the man was not criminally insane"; also that no plea of insanity, or effort belatedly to make such plea, was made prior to or during the trial.

No other presented question is likely to arise on retrial. For instructional error the judgment and sentence are set aside and the case is remanded for new trial.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.