PEOPLE v. WICHMAN

1. TRIAL—INSTRUCTIONS TO JURY—COMMENTS ON EVIDENCE.

In commenting on the evidence, the judge's review should be fair
and impartial; when he concludes his comments, the jury should
be better informed concerning the evidence in the case and its
relative importance, but no better informed than before his com-
mentary began regarding the judge's personal views on the is-
sues which the constitution requires to be resolved by jury de-
termination.

2. SAME—CRIMINAL LAW—INSTRUCTIONS TO JURY—FAIR TRIAL.

No matter how overwhelming the people's case in a criminal trial,
the judge's instructions should preserve an appearance of im-
partiality; when the judge reviews the evidence favorable to
the people, he should not limit his review of the defendant's
position to boiler-plate statements regarding presumption of
innocence and burden of proof.

3. SAME—CRIMINAL LAW—COMMENTS ON EVIDENCE—IMPARTIALITY.

The trial judge in a criminal prosecution may comment on the
evidence to aid the jury but he must not make known his per-
sonal views on the issues, the credibility of witnesses, or the
ultimate question to be submitted for their determination (CL
1948, § 768.29).

4. APPEAL AND ERROR—HARMLESS ERROR.

Where it is claimed that error is harmless, two inquiries are per-
tinent; first, is the error so offensive to the maintenance of a
sound judicial purpose that it can never be regarded as harm-
less?; second, if it is not so basic, can the court declare a be-
lief that the error was harmless beyond a reasonable doubt?

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 53 Am Jur, Trial § 591 et seq.
[4] 5 Am Jur 2d, Appeal and Error § 776.
[5] 5 Am Jur 2d, Appeal and Error § 778.

5. TRIAL—CRIMINAL LAW—COMMENT ON EVIDENCE—HARMLESS ERROR.

> Where the evidence establishes overwhelmingly the guilt of defendant, even though the trial judge may have exceeded the bounds of fair and impartial comment and given what may be deemed a convicting charge, the error under the circumstances will be deemed harmless.

Appeal from Macomb, Noe (Alton H.), J. Submitted Division 2 June 8, 1967, at Detroit. (Docket No. 2,715.) Decided December 23, 1968.

George R. Wichman was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer and *Max D. McCullough,* Assistant Prosecuting Attorney, for the people.

*Steve S. Michaels,* for defendant.

LEVIN, J. The defendant appeals his jury trial conviction of armed robbery, claiming that the trial judge's instructions taken as a whole were so prejudicial that he was deprived of a fair trial.

The question presented involves an interpretation of the provisions conferring upon trial judges the power to comment on the evidence when instructing the jury, a power conferred on Michigan trial judges in both civil and criminal cases some 40 years ago as part of general procedural reforms.[1]

---

[1] The following provision was added in 1927 with the enactment of the code of criminal procedure:

"The court shall instruct the jury as to the law applicable to the case and in his charge may make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the inter-

Critics of the jury system have proposed substituting trained fact finders in both civil and criminal cases. Those dissatisfied with jury fact finding point to the fact that ours is one of the few countries, perhaps the only major country, where a jury trial is still obtainable in both civil and criminal cases. Most judicial systems function without using juries at all. The critics advocate extending the judge's power to comment on the evidence.[2] If they prevail, the means will have been found whereby they can achieve covertly that which is now constitutionally forbidden. If the jury ceases to be truly independent, it will begin to wither away and, having ceased to perform any useful function, ultimately will be abolished.

In *People* v. *Lintz* (1928), 244 Mich 603, the Michigan Supreme Court, considering for the first time the new procedural provision authorizing comment by the judge during his charge to the jury (see footnote 1 for text of the provision) held that the judge (pp 617, 618):

"should not express an opinion as to what he thinks the verdict should be or how he thinks the jury should decide the case. * * * It must be apparent, on review, that the verdict rendered is that of the jury, and not the expressed opinion of the trial court."

est of justice may require." PA 1927, No 175, ch 8, § 29 (MCLA, § 768.29 [Stat Ann 1954 Rev § 28.1052]).

Michigan Court Rule (1931), 37(9) substitutes the word "the" for the word "any" before the word "witnesses"; otherwise the language of the 1931 court rule follows verbatim the language of the quoted provision of the 1927 code of criminal procedure. The quoted provision in the 1927 code of criminal procedure has never been modified. The 1931 court rule remained unchanged until rephrased without substantive change in the general court rules of 1963:

"The court may make such comments on the evidence, the testimony, and the character of the witnesses as in its discretion the interests of justice require." GCR 1963, 516.1.

[2] Kalven and Zeisel, The American Jury (1966), ch 1, ch 33.

The *Lintz* Court declared that in commenting on the evidence the judge should bear in mind that under our constitution one of the substantial elements of the right of trial by jury (p 611) "is the right of the jury to give a general verdict on the merits." The Court concluded that the trial judge in the case then before it had gone beyond permissible comment (p 620):

"We do not think that any intelligent juror who listened to the charge could fail to understand therefrom that the facts stated therein were, *in the opinion of the trial court, fully established* by the proofs and justified the conviction of the defendants, and *that the jury were expected, if not instructed, to so find.*" (Emphasis supplied.)

and thus (p 621) "the constitutional right of the defendants to a trial by jury was invaded in the instructions given."[3]

In *People* v. *Clark* (1954), 340 Mich 411, 421, the Court reiterated prior statements that it was for the jury to determine the credibility of witnesses, citing *People* v. *Padgett* (1943), 306 Mich 545,[4]

---

[3] In a civil case, where the trial judge may direct a verdict, the evidence on a particular issue may be so clear and overwhelming as to justify a judge's comment stating or treating a fact as established because "undisputed." But never so in a criminal case, unless the fact has been admitted by the defendant himself. Absent a judicial admission by the defendant, no fact, however overwhelming the evidence tending to establish it, can be treated as or called "undisputed." *DeCecco* v. *United States* (CA 1, 1964), 338 F2d 797, 798. In a criminal case the jury is at liberty to reject all the testimony of all the people's witnesses, if it chooses to do so, irrespective of whether there is any contrary evidence.

[4] In *People* v. *Padgett* (1943), 306 Mich 545, the Court stated that the statute (see footnote 1) had undoubtedly led the trial judge in that case to believe that (p 552) "he could impress on the jury his personal opinion as to the guilt of the defendant, and the credibility of the witnesses." The Court reviewed its earlier pronouncements and suggested that unless the authority conferred was limited by judicial construction it might so impinge on the constitutional right to a jury trial as to require a declaration of unconstitutionality (p 555):

"The statute, within proper limits, has a proper place in the criminal procedure of our courts. It must not be given the effect of de-

where, said the *Clark* Court, the conviction "was reversed because of the conduct of the trial judge in seeking to impress on the jury his personal opinion as to the guilt of the defendant and the credibility of witnesses."[5]

We read these pronouncements of our Supreme Court to mean that the trial judge should not make known his views concerning disputed factual issues, the credibility of witnesses or the ultimate question about to be submitted to the jury. He may review the evidence and organize it for the jury in an effort to assist their deliberations:

"He may call the attention of the jury to particular facts; marshal and sum up the evidence relating to each issue to be determined; comment upon the tendency, force, and comparative weight of conflicting testimony bearing upon them, and point out

priving one charged with crime of the presumption of innocence, nor throw upon him the burden of proof. It is the sole province of the jury to determine the credibility of witnesses, and to pass upon questions of fact. *If even one juror is swayed by the weight of the openly expressed opinion of the court, and his verdict thus affected, the right of trial by jury in criminal cases is impaired.* The court, unless jury trial is waived in a criminal case, should not invade or usurp the province of the jury." (Emphasis supplied.)

Earlier, in *People* v. *Bigge* (1941), 297 Mich 58, the Court had declared (p 72):

"The right of trial by jury is too firmly established in American jurisprudence to allow it to be whittled away by the legislature or by a too liberal construction of statute law by the courts. Once the door is open for allowing the opinion of the court to be impressed upon jurors that one charged with crime is guilty of the offense, the fundamental right of trial by jury is impaired. This Court has said that the trial judge should not express an opinion as to what he thinks the verdict should be, or how he thinks the jury should decide the case. *People* v. *Lintz,* 244 Mich 603."

[5] See, also, *People* v. *Lewis* (1933), 264 Mich 83, 87; *People* v. *Oates* (1963), 369 Mich 214, 217; *Wieghmink* v. *Harrington* (1936), 274 Mich 409, 414. Compare *Podvin* v. *Eickhorst* (1964), 373 Mich 175, 180, 181; *Washburn* v. *Lucas* (1964), 373 Mich 610, 619, 620; *People* v. *Reece* (1968), 9 Mich App 108.

The United States Supreme Court has not spoken on the matter for some years. Its most recent decisions are *United States* v. *Murdock* (1933), 290 US 389 (54 S Ct 223, 78 L Ed 381; *Quercia* v. *United States* (1933), 289 US 466 (53 S Ct 698, 77 L Ed 1321) reviewing earlier decisions of the Court on this question.

any matter which legitimately affects the testimony of a witness or his credibility." *People* v. *Lintz, supra,* p 617.

The judge's review should be fair and impartial. *Burpee* v. *Lane* (1936), 274 Mich 625, 627. When he concludes, the jury should be better informed concerning the evidence in the case and its relative importance, but no better informed than before his commentary began regarding the judge's personal views on the issues which our constitution requires be resolved by jury determination. He "should not permit his own views on disputed issues of fact *to become apparent* to the jury." (Emphasis supplied.) *People* v. *Young* (1961), 364 Mich 554, 558. He may no more accomplish by indirection that which he cannot do directly than may the litigant who appears before him.

A trial judge desiring to see that the case goes to the jury without disclosure of his personal views in the matter should be able, no matter how overwhelming the people's case, to preserve an appearance of impartiality in his instructions. By presenting the defendant's theory, presumably just argued to the jury,[6] the judge can avoid creating the impression that he has stepped out of his role of impartial judicator and is now plugging for his own point-of-view.

When the judge reviews the evidence favorable to the people, he should not limit his review of the defendant's position to boilerplate statements regarding presumption of innocence and burden of proof. For the juror who has served on earlier panels, such general statements do not have the impact of the judge's particularized commentary in his review of the people's evidence. We do not mean to be un-

---

[6] See *People* v. *Welke* (1955), 342 Mich 164, 169; *People* v. *Cummins* (1882), 47 Mich 334.

derstood as saying that any particular form of verbiage is required, or that each comment in respect to the people's case must be counterbalanced by a comment "on the other hand" for the defense. Rather, the important thing is that an appearance of complete impartiality and objectivity be preserved.

In the last analysis, whether the judge has exceeded the bounds of fair and impartial comment, has indulged in argumentative presentation, has sought to impress upon the jury his views of the disputed issues, credibility of witnesses or the ultimate question, is a matter of judgment. We must rely on our life experience in the effort to recreate reality out of the written record before us. Did the trial judge charge for conviction?

Measured by the standard established in the foregoing discussed authorities we are inclined to think the charge in this case was a convicting charge. Nevertheless, we affirm because we are convinced that the error, if there was error, was harmless. Perfection in jury charging is no more attainable than perfection in the proceedings that precede the charge.

Where it is claimed that error is harmless, two inquiries are pertinent. First, is the error so offensive to the maintenance of a sound judicial process that it never can be regarded as harmless? See *People* v. *Bigge* (1939), 288 Mich 417, 421; *People* v. *Berry* (1968), 10 Mich App 469, 474; *People* v. *Mosley* (1953), 338 Mich 559, 566. See, also, *Chapman* v. *California* (1967), 386 US 18, 23, 24 (87 S Ct 824, 17 L Ed 2d 705), rehearing denied 386 US 987 (87 S Ct 1283, 18 L Ed 2d 241). Second, if not so basic, can we declare a belief that the error was harmless beyond a reasonable doubt? See *People* v. *Liggett* (1967), 378 Mich 706, 716, 717; *Chapman* v. *California, supra.*

Where it is a close question, as here, whether the charge to the jury was a convicting charge (the balance, however, tipping in favor of the conclusion that there was error), reversal as a matter of course will not ordinarily be thought essential to the preservation of a judicial system of value and the constitutional right to jury trial. We are not persuaded that vindication of even the basic rights here involved requires reversal in this case on this charge.

The defendant was apprehended shortly after the crime was committed. Booty and a revolver were found in the automobile in which the defendant was captured. The victim identified the defendant as the hold-up man. There was no opposing evidence. We are convinced beyond a reasonable doubt that any instructional error did not contribute to the defendant's conviction and that upon any new trial which might be ordered the defendant would again assuredly be convicted.[7]

Affirmed.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.

---

[7] As to the application of the harmless error doctrine in similar circumstances, see *Williams* v. *State* (Okla Crim App, 1952), 240 P2d 1132, 1141, 1142; *Pasqua* v. *United States* (CA 5, 1945), 146 F2d 522, 523, 524; *Mills* v. *United States* (CA 4, 1958), 251 F2d 464; *United States* v. *Wheeler* (CA 7, 1955), 219 F2d 773, 778; *United States* v. *Kennedy* (CA 2, 1961), 291 F2d 457, 459, 460; *Carroll* v. *United States* (CA 9, 1964), 326 F2d 72, 82–85.