PEOPLE v CHRISTOPHER JOHNSON

OPINION OF THE COURT

1. CRIMINAL LAW—SILENCE AT ARREST—EVIDENCE—IMPEACHMENT.

   Silence of an accused at the time of his arrest may not be used against him at trial, except to contradict his assertion that he did make a statement; use against an accused of his silence at arrest is ordinarily reversible error.

2. CRIMINAL LAW—SILENCE AT ARREST—HARMLESS ERROR—CONCEALED WEAPONS.

   Admission of evidence that a defendant was silent at the time of arrest, in a trial for carrying a concealed weapon, was harmless error beyond a reasonable doubt where the defendant testified that he had a gun in his possession at the time of arrest.

DISSENT BY T. M. BURNS, J.

3. CRIMINAL LAW—SILENCE AT ARREST—EVIDENCE—REVERSIBLE ERROR.

   *Admission of evidence that a defendant exercised his right to remain silent at the time of his arrest, brought out during a prosecutor's cross-examination of the defendant, is reversible error where the prosecutor's inquiry was unnecessary and uninvited and the error is unduly offensive to the maintenance of a sound judicial process.*

Appeal from Berrien, Julian E. Hughes, J. Submitted October 5, 1976, at Grand Rapids. (Docket No. 24451.) Decided November 8, 1976.

Christopher Johnson was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 354.

[2] 21 Am Jur 2d, Criminal Law § 357.

[3] 21 Am Jur 2d, Criminal Law § 356.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

R. B. BURNS, P. J. Defendant was convicted by a jury of carrying a concealed weapon in violation of MCLA 750.227; MSA 28.424.

One of the alleged errors raised by the defendant merits discussion.

During the cross-examination of the defendant, the prosecutor established the fact that the defendant had not made any statement to the police at the time of his arrest. This was in violation of *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), which held that a witness's silence at arrest may not be used except to contradict his assertion that he did make a statement.

Ordinarily such a tactic would call for a peremptory reversal. However, the defendant further testified that he had a gun in his possession at the time of his arrest. Therefore, we hold that the error was harmless beyond a reasonable doubt.

Affirmed.

D. E. HOLBROOK, J., concurred.

T. M. BURNS, J. *(dissenting).* In *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), this Court held that the admission into evidence of the fact that the defendant exercised his right to remain silent at the time of his arrest was harmless error

because the weight and nature of the evidence against the defendant was such that there could be no reasonable doubt of his guilt. Despite that ruling, this Court suggested that a different result might be reached in future cases:

"In finding the error harmless in this case, we wish to emphasize that we do not condone conduct which directly or indirectly restricts or penalizes the exercise of the constitutional right to remain silent in the face of accusation. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). We will find it difficult in the future to believe that prosecutors and police are ignorant of the well-established principle of law which forbids comment upon an accused's silence or that clear violations of the principle arise from inadvertence. Deliberate violations of this rule may lead us to reverse convictions even where evidence might be overwhelming. The prosecutor who comments, or elicits comment, on a defendant's silence thus risks the loss of a perfectly good case for no reason." *People v Swan, supra,* at 35.

In *People v Patricia Williams,* 63 Mich App 531, 536–537; 234 NW2d 689 (1975), that warning was given effect:

"Defendant is correct in asserting that it was error for the prosecution to introduce testimony regarding her exercise of the right to remain silent at arrest. We have long held that the introduction of such testimony infringes on the privilege against self-incrimination. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), *People v Bigge,* 288 Mich 417; 285 NW 5 (1939), *People v Jablonski,* 38 Mich App 33; 195 NW2d 777 (1972).

\* \* \*

"The plaintiff now concedes the error of the testimony and cross-examination to which defendant objects. Plaintiff would have us hold, however, that the errors were harmless because of overwhelming evidence against defendant. We decline to reach the question of

whether there was sufficient evidence to render these errors 'harmless beyond a reasonable doubt', for they fail under the inquiry which must precede that question. This initial inquiry is whether these errors were unduly 'offensive to the maintenance of a sound judicial process.' *People v Mobley,* 390 Mich 57, 65; 210 NW2d 327, 332 (1973), *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), *People v Wichman,* 15 Mich App 110; 166 NW2d 298 (1968). We find under the circumstances of this case that they were.

"Reversed and remanded."

The error in this case was particularly blatant; the prosecutor's inquiry was both unnecessary and uninvited. I accordingly vote to reverse the conviction.