PEOPLE v TAYLOR

Docket No. 59605. Submitted June 15, 1982, at Detroit.—Decided
    September 2, 1982.

Warren G. Taylor was convicted of breaking and entering an
    occupied dwelling with intent to commit larceny, Wayne Cir-
    cuit Court, Thomas J. Foley, J. The defendant appeals alleging
    that the trial court erred in (1) instructing the jury regarding
    the jury's consideration of the lesser included offenses, and (2)
    denying him the right of allocution before sentencing him.
    *Held:*

    1. Because the defendant was found guilty as charged, the
    Court of Appeals should not assume that the instruction to the
    jury was not prejudicial and should review the issue despite the
    defendant's failure to object to the instruction at the trial. The
    defendant's conviction should be reversed because an instruc-
    tion to the jury which conditions the jury's right to consider
    lesser included offenses upon a finding that the defendant is not
    guilty of the principal charge is erroneous.

    2. The question regarding the defendant's right to allocution
    is moot and should not be reviewed by the Court of Appeals.

    Reversed.

1. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

    Failure to make a timely objection to a jury instruction precludes
        appellate review of the instruction absent manifest injustice;
        however, where a defendant is found guilty as charged, the
        Court of Appeals should not assume that the jury instruction
        was not prejudicial and should review the issue despite the
        defendant's failure to object.

2. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
    SES.

    An instruction to a jury which conditions the jury's right to
        consider lesser included offenses upon a finding that the defen-
        dant is not guilty of the principal charge constitutes error

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[2] 75 Am Jur 2d, Trial § 876.

requiring reversal; such an instruction is coercive and unduly structures a jury's deliberative process.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter)* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. On April 21, 1981, defendant was sentenced to 7-1/2 to 15 years imprisonment. Defendant appeals as of right raising two issues for review.

First, defendant contends that the trial court committed error requiring reversal in its instructions to the jury. This objection was not raised below. In the absence of manifest injustice, failure to make timely objection to a jury instruction precludes appellate review. *People v Dixon,* 84 Mich App 675, 685; 270 NW2d 488 (1978); *People v Sherman Hall,* 77 Mich App 456; 258 NW2d 517 (1977). Since defendant was found guilty as charged, it cannot be assumed that the instructions were not prejudicial. Therefore, we will review the issue despite the defendant's failure to object. *People v Handley,* 101 Mich App 130; 300 NW2d 502 (1980); *People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974).

* Circuit judge, sitting on the Court of Appeals by assignment.

We turn now to the merits of defendant's appeal. The trial court instructed the jury on two charges, (1) breaking and entering an occupied dwelling with intent to commit larceny and (2) attempted breaking and entering an occupied dwelling with intent to commit larceny. MCL 750.92, 750.110; MSA 28.287, 28.305. The court stated:

"Now, you have a right to find the defendant guilty of breaking and entering an occupied dwelling with intent to commit larceny, or not guilty of that count. If you find that the defendant, not guilty of the county [sic], you may pass and consider the second count: namely, attempt to break and enter occupied dwelling with intent to commit larceny therein. And, you will find him either guilty on that count, or not guilty on that count.

"To repeat, consider whether he is guilty on the count as charged: breaking and entering occupied dwelling with intent to commit larceny. If you find the defendant not guilty of that count, go to the second count. If you find him guilty of that count, then you do not go to the second count. If you found him not guilty, then go to the second count: attempt to commit breaking and entering occupied dwelling with intent to commit larceny, therein."

This instruction undoubtedly left the jury with the mistaken impression that they had to acquit the defendant on the principal charge before they could consider the attempt charge.

It is well established that an instruction which conditions the jury's right to consider the lesser included offenses upon a finding that the defendant is not guilty of the principal charge, constitutes error requiring reversal. *People v West,* 408 Mich 332; 291 NW2d 48 (1980); *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976). This Court has

previously held that such instructions are coercive and that they unduly structure the jury's deliberative process. *People v Ronald L Johnson,* 74 Mich App 250, 258; 253 NW2d 722 (1977) (T. M. BURNS, J., *dissenting); People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972). Applying these principles to the case at bar, we conclude that defendant's conviction must be reversed.

In light of today's holding, the second issue raised by defendant, concerning the right of allocution, is moot and will not be reviewed. *LaBello v Victory Pattern Shop, Inc,* 351 Mich 598; 88 NW2d 288 (1958); but, see *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980).

Reversed.