PEOPLE v ELLISON

Docket No. 68990. Submitted December 21, 1983, at Detroit.—Decided
April 17, 1984. Leave to appeal applied for.

Robert S. Ellison was convicted of first-degree criminal sexual
conduct, Monroe Circuit Court, Daniel L. Sullivan, J. Defendant
appeals, alleging that he was denied a fair trial and his
constitutional right to confront witnesses against him because
the prosecutor argued, and the trial court instructed the jury,
regarding what the testimony of an absent witness, a finger-
print expert, would have been had the witness testified. The
judge's instructions and prosecutor's remarks indicated that the
witness would have testified that because defendant's finger-
prints were not identified on an envelope, upon which defen-
dant had allegedly written a note to the victim, did not mean
that he had not handled the envelope. *Held:*

1. The prosecutor's comments and trial court's instructions
amounted to new evidence presented by witnesses against the
defendant, without the defendant being given the opportunity
to cross-examine those witnesses on that evidence.

2. Denial of the right of cross-examination is a constitutional
error which cannot be cured by a showing of lack of prejudice.
Defendant's failure to object at trial did not act as a waiver of
his right to confront witnesses presented against him.

3. The trial court's jury instruction as given cannot be held
to have resulted in harmless error. Furthermore, there is no
merit in the prosecutor's argument that defendant invited the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 624 *et seq.*
    75 Am Jur 2d, Trial § 315.
[2, 5] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
    75 Am Jur 2d, Trial §§ 906, 907 *et seq.*
[3, 5] 75 Am Jur 2d, Trial §§ 95, 251 *et seq.*
[4, 5] 81 Am Jur 2d, Witnesses § 464.
[5] 4 Am Jur 2d, Appeal and Error § 541.
    21A Am Jur 2d, Criminal Law § 956 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error §§ 810, 815.
    75 Am Jur 2d, Trial §§ 91, 95, 651.

error. by introducing the laboratory report on the fingerprints into evidence.

Reversed and remanded.

1. APPEAL — PROSECUTOR'S REMARKS — FAILURE TO OBJECT.

Appellate review of allegedly improper remarks made by a prosecutor in closing argument is foreclosed by the defendant's failure to object at trial unless failure to address the issue would result in a miscarriage of justice.

2. APPEAL — JURY INSTRUCTIONS — FAILURE TO OBJECT.

A defendant's failure to make a timely objection to a jury instruction precludes appellate review absent manifest injustice to the defendant.

3. CRIMINAL LAW — PROSECUTOR'S REMARKS — JUDGE'S COMMENTS — EVIDENCE.

A prosecutor in his arguments may not make a statement of fact unsupported by evidence presented at trial; similarly, a trial judge, while he may comment on the evidence as justice requires, must limit such comments to evidence presented at trial.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT OF CROSS-EXAMINATION.

Denial of the right of effective cross-examination is a constitutional error of the first magnitude and no amount of showing of want of prejudice can cure it.

5. CRIMINAL LAW — RIGHT OF CROSS-EXAMINATION — FAILURE TO OBJECT.

A defendant's failure to object at trial to a prosecutor's improper comment or a judge's improper instruction which acted to deny the defendant the right of cross-examination was not an intentional relinquishment or abandonment of the constitutional right of confrontation.

6. CRIMINAL LAW — JURY INSTRUCTIONS — WITNESSES — HARMLESS ERROR.

A trial court's improper instructions to the jury which stated what the testimony of an absent witness would have been if the witness had been present to testify did not result in harmless error; it was an error so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Michael W. LeBeau,* Prosecuting Attorney, and *William D. Bond,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant on appeal.

Before: Gribbs, P.J., and Wahls and Hood, JJ.

Per Curiam. Defendant appeals as of right from his jury conviction of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2).

The complainant testified that defendant came to her home briefly on October 5, 1981, at about 8:30 p.m. to inquire about former residents of the home. After midnight on October 6, 1981, the complainant awoke to find a man wearing a nylon stocking over his face sitting on her bed. That man, whom complainant identified as defendant, forced the complainant to engage in sexual intercourse at knife-point. She testified that after sexually assaulting complainant twice defendant left her home. She said she did not report this incident to the police immediately because defendant threatened he would harm her if she did so.

On October 9, 1981, in the evening, the complainant entered her living room and discovered defendant there speaking with her grandmother. He wrote a note on an envelope and gave it to her:

"I'm sorry about what I did. I'm the guy that you gave the loving too. But I'm the guy that appreciate you."

Complainant testified that soon after defendant wrote the note and gave it to her he wrote another note on the cover of her childrens' coloring book. He tore the note off, tore the note in half, and

gave it to complainant. On one half was written, "Robert Steve Ellison I really". On the other half was written, "Go to the concert with me?" After complainant received these notes, she reported the sexual assault to the police and gave the police the notes.

Defendant presented two alibi witnesses who testified that he was in Toledo during the first week of October, 1981. Defendant testified that he did not commit the offense. He did admit that he went to the complainant's home on October 9, 1981, to inquire about breeding his dog with that of the former residents of the home. Defendant denied that he wrote the incriminating admission on the envelope but admitted he wrote the two sentences on the coloring book. He said he wrote his name down so complainant could give it to the former residents. He said he could not explain why he wrote, "Go to the concert with me?"

A police officer testified for the people that he took the notes to the Michigan State Police crime lab. Defense counsel, on cross-examination of that witness, asked him to review the crime lab report that was prepared by a Sergeant Maxwell. The police officer testified that the report stated that Sergeant Maxwell could not identify latent prints on the envelope as defendant's prints. Defense counsel then moved that Sergeant Maxwell's report be admitted into evidence. The prosecutor objected, arguing that the report constituted inadmissible hearsay evidence. The trial court admitted the report. The prosecutor was unable to obtain Sergeant Maxwell's presence on the day of trial to examine him in regard to the report.

Before closing arguments, the prosecutor submitted a proposed instruction to the trial court in writing which stated:

"In the trial of this case a lab report was admitted into evidence. This lab report was prepared by Norman J. Maxwell, Detective Sergeant, Laboratory Specialist. It was subsequently determined that Detective Sergeant Maxwell was not available to testify concerning that report.

"The lab report states that exhibit #1, the envelope, was processed for latent prints and latent prints were developed. That these latent prints were compared with the defendant's inked impressions with no identifications being made. *The fact that defendant's fingerprints were not identified as being on the envelope does not mean that he did not handle the envelope. Many times it is not possible to identify the fingerprints of a person on an object after that person has handled that object.*" (Emphasis added.)

The defendant did not object to this proposed instruction on the record. In closing argument the prosecutor stated:

"Now, unfortunately, Mr. Maxwell wasn't here to testify. I'd submit to you that he would have testified, and I submit that the judge will instruct you along these lines that I guess contrary to a popular belief whenever you touch something or handle something doesn't necessarily mean you're gonna find your fingerprints on it when you're done. That it's quite possible and it happens in many, many occasions that somebody will handle an object, it'll be tested for fingerprints, and his fingerprints will not be found on it, or they cannot be identified as his fingerprints; and that's exactly what happened in this case, at least I would argue that to you. * * * It was not what we call preserved for fingerprints, and Mr. Maxwell, I would submit, would have told you all of this had he been here."

The defendant did not object to this argument.

The trial court did instruct the jury as requested by the prosecutor. The defendant did not object to

this instruction after the trial court read it to the jury.

In this appeal, the defendant argues that he was denied a fair trial and his constitutional right to confront witnesses against him because the trial court instructed, and the prosecutor argued, what the testimony of an absent witness would have been had he testified. The people argue in response that defendant was not prejudiced by the prosecutor's comment or by the judge's instruction because, if error, defendant invited the error by requesting the admission into evidence of improper hearsay, the lab report.

Appellate review of improper remarks made by a prosecutor in closing argument is foreclosed absent a timely objection unless failure to address the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 16; 260 NW2d 58 (1977). Similarly, a defendant's failure to make a timely objection to a jury instruction precludes appellate review absent manifest injustice to defendant. *People v Taylor,* 120 Mich App 667, 668; 327 NW2d 323 (1982). We find such a miscarriage of justice or manifest injustice in this case.

Had Sergeant Maxwell been available as a witness, the prosecutor might have elicited testimony from him that the fact that he did not identify the latent prints on the envelope as defendant's prints did not mean that defendant did not handle the envelope. As a potential fingerprint expert, Sergeant Maxwell might have testified that it is not always possible to identify prints. The prosecutor might have presented this testimony against defendant in rebuttal to defendant's earlier use of the lab report. However, Sergeant Maxwell did not testify in rebuttal against defendant. Nor did any other fingerprint expert.

A prosecutor may not make a statement of fact unsupported by trial evidence. *People v Viaene,* 119 Mich App 690, 696-697; 326 NW2d 607 (1982); *People v Bairefoot,* 117 Mich App 225, 231; 323 NW2d 302 (1982). A trial judge may comment on the evidence as justice requires, MCL 768.29; MSA 28.1052; GCR 1963, 516.1, but such comments must be limited to remarks regarding evidence presented at trial. See *People v Oates,* 369 Mich 214; 119 NW2d 530 (1963). Both the prosecutor's comments in closing argument and the trial court's jury instruction went beyond the scope of permissible comment on the evidence presented. Instead, the comment amounted to new evidence presented against the defendant. As such, it was testimony presented by the prosecutor and trial court against defendant.

Testimony given by a judge or prosecutor is impermissible because it defeats a defendant's right to cross-examine witnesses presented against him or her, thus violating the defendant's right to confront witnesses against him or her. US Const, Ams VI and XIV; Const 1963, art 1, § 20. See also *In re Murchison,* 349 US 133; 75 S Ct 623; 99 L Ed 942 (1955). Denial of the right of effective cross-examination is a constitutional error of the first magnitude and no amount of showing of want of prejudice can cure it. *Davis v Alaska,* 415 US 308, 318; 94 S Ct 1105; 39 L Ed 2d 347 (1974); *Smith v Illinois,* 390 US 129, 131; 88 S Ct 748; 19 L Ed 2d 956 (1968).

Nevertheless, the prosecutor argues that, by failing to object or by agreeing to the instructions as given, defendant waived his right to cross-examine. We disagree. Defendant did not intentionally relinquish or abandon a known constitutional right by failing to object to either the comment or

instruction. See *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938).

The prosecutor also argues that, if indeed the allowance of the closing comment and the instruction given were improper, any denial of defendant's right to cross-examine was harmless error in this case. We might be inclined to agree if the question presented here was limited to the improper comment by the prosecutor in closing argument. The jury was repeatedly instructed that the prosecutor's comments were not evidence. Moreover, defendant might have cured the error by timely objection to the prosecutor's comment and, indeed, may have forestalled the subsequent erroneous instruction. See *Duncan, supra.* However, we cannot find the trial court's instruction to be harmless error. Rather, such an error is so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless. *People v Swan,* 56 Mich App 22, 31; 223 NW2d 346 (1974), *lv den* 395 Mich 810 (1975).

We find no merit whatsoever in the prosecutor's argument that reversal is not required because defendant invited this error. First, even if the admission into evidence of the lab report was improper, the defendant had already elicited the contents of that report in testimony from another police officer. The prosecutor did not object to that line of questioning but objected only to the admission into evidence of the actual report. Second, if the report was improperly admitted, it was the trial court, not defendant, who erred by admitting it. Third, the law the prosecutor relies on for this "invited error" argument involves a case where the defendant requested an erroneous instruction then asked for reversal on appeal because the trial court gave the instruction as defendant requested,

*People v Bates,* 91 Mich App 506, 516; 283 NW2d 785 (1979), *lv den* 407 Mich 930 (1979), and a case in which defendant requested that the trial court place no value on a presentence report then argued on appeal that the trial court erroneously failed to place any weight upon the report, *People v Murry,* 106 Mich App 257, 262; 307 NW2d 464 (1981). Defendant in this case did not request that the prosecutor or trial court testify against him, nor did defendant request the erroneous instruction.

Reversed and remanded for a new trial.