PEOPLE v STEWART

1. CRIMINAL LAW—PHOTOGRAPHIC IDENTIFICATION—IN-CUSTODY SUS-
   PECT—RIGHT TO COUNSEL—IN-COURT IDENTIFICATION—INDEPEN-
   DENT BASIS—CLEAR AND CONVINCING EVIDENCE.

   A suspect who is in custody has the right to counsel at a
   photographic identification display, and when the defendant
   has been denied the right to counsel an independent basis for a
   subsequent in-court identification must be shown by clear and
   convincing evidence.

2. CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHIC IDENTIFICATION—
   INDEPENDENT BASIS.

   An independent basis for an eyewitness's identification of a
   defendant at a lineup was shown where the eyewitness had
   seen the perpetrator of the crime for a period of about 30
   seconds, a composite drawing made from the eyewitness's de-
   scription generally resembled the defendant, the prior photo-
   graphic display in which the eyewitness identified the defend-
   ant did not appear suggestive, and the eyewitness was consist-
   ent in the certainty of his identification.

3. CRIMINAL LAW—EVIDENCE—PRIVILEGES—HUSBAND AND WIFE—TES-
   TIMONY AGAINST SPOUSE—STATUTES.

   A defendant's wife, who implicated the defendant in the crime
   with which he is charged prior to marrying the defendant, may
   not be compelled to testify against the defendant without his
   consent (MCLA 600.2162).

Appeal from Wayne, Thomas Roumell, J. Sub-
mitted June 2, 1975, at Detroit. (Docket No.
20301.) Decided July 23, 1975.

James B. Stewart was charged with first-degree
murder. From denial of his motion to suppress

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 369.
[3] 58 Am Jur, Witnesses § 375 *et seq.*

certain evidence, defendant appeals by leave granted. Affirmed in part, reversed in part, and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Barry Resnick,* Assistant Prosecuting Attorney, for the people.

*Hankins & Regnier,* for defendant.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

PER CURIAM. Defendant James Bernard Stewart is charged with first-degree murder. MCLA 750.316; MSA 28.548. In April, 1974, an evidentiary hearing was held upon defendant's motion to suppress certain evidence. From denial of the motion, the defendant appeals on leave granted.

On May 11, 1973, the victim, James Lothel Farrington, was fatally shot at his home. The shooting occurred about 12:30 a.m. There was one eyewitness to the crime, Dwight Holman. The witness stated at the evidentiary hearing that from his front porch he saw a man shoot his next door neighbor and then run within several feet of him between his house and the victim's house. Later, the eyewitness worked with the police, who drew a composite of the alleged murderer.

On January 17, 1974, the police arrested the defendant and an alleged girlfriend, Janet Vickers, at the latter's home on charges unrelated to the present case. During her initial interrogation, Janet Vickers stated to the police that the defendant had told her on the night of James Farring-

ton's death that he had just robbed and killed the victim.

Thereafter, on January 29, 1974, the eyewitness was called in by the police for a photographic display. The eyewitness identified the defendant as the man he saw shoot his neighbor. At the time of the photographic display, the defendant was still in custody as a result of the other charge. However, he was now a prime suspect for the murder of James Farrington. The defendant was not represented by counsel at the photographic display. The next day the eyewitness again identified the defendant at a lineup held by the police. The defendant was represented by counsel at the lineup.

On April 9, 1974, James Stewart and Janet Vickers were married.

The trial court denied the defendant's motion to suppress testimony by the eyewitness and by the defendant's wife at trial.

The first issue raised on appeal is whether under the facts of this case an independent basis for in-court identification has been shown by clear and convincing evidence.

In Michigan, an in-custody suspect has the right to counsel at a photographic display. *People v Jackson,* 391 Mich 323, 338–339; 217 NW2d 22 (1974), *People v Anderson,* 389 Mich 155, 186–187; 205 NW2d 461 (1973). Furthermore, when the defendant has been denied the right to counsel, an independent basis for subsequent in-court identification must be shown by clear and convincing evidence. *People v Anderson, supra,* at 188.

An examination of the record of the evidentiary hearing in the present case reveals the following facts. The eyewitness had occasion to see the killer from a distance of several feet for approximately 30 seconds. The composite drawing based upon

what the eyewitness saw does generally resemble the defendant. The group of photographs shown to the eyewitness at the photographic display do not appear suggestive, but rather appear to be such that a fair identification could be made from them. Finally, two additional factors appear to be present throughout the investigation in this case. By the testimony of the police officers, the defendant's attorney at the lineup, and the testimony of the eyewitness himself, there has been no hint of suggestion on the part of anyone, but rather the eyewitness has been consistent in the certainty of his identification.

Based upon a review of the entire record, we hold the trial court committed no reversible error in denying the defendant's motion to suppress in-court identification by the eyewitness for the reason that an independent basis for identification has been shown by clear and convincing evidence. We therefore affirm this portion of the trial court's ruling.

The second issue raised on appeal is whether the defendant's wife may be compelled to testify against him without his consent.

MCLA 600.2162; MSA 27A.2162 reads in relevant part:

"A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband without his consent * * * ."

None of the exceptions allowing such testimony are applicable to the present case. Rather, the exclusion of testimony by one spouse against the other, unless the latter consents, stands as a complete bar in this kind of case. *People v Werner,* 225 Mich 18, 22; 195 NW 697 (1923).

The trial court denied the defendant's motion to suppress the in-court testimony of his wife. This ruling is contrary to the clear import of the statute. We therefore reverse this ruling by the trial court and hold that under MCLA 600.2162; MSA 27A.2162 the former Janet Vickers, while she is the defendant's wife, cannot be compelled to testify against him in court without his consent.

Remanded to the trial court for further proceedings consistent with this opinion.