PEOPLE v BOWEN
PEOPLE v IRBY
PEOPLE v PETERS
PEOPLE v LEATHERWOOD

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—JUDGE'S COMMENTS—
   CHARGE FOR CONVICTION—APPEAL AND ERROR.

   A trial judge's comment in the course of instructing a jury in a
   criminal trial amounts to reversible error if the judge charges
   for conviction; an instruction to a jury in a murder trial that
   they should balance the rights of the victims and the rights of
   the accused was not reversibly erroneous where the judge did
   not tell the jury that they should convict the defendants
   regardless of the evidence, the judge did not stress the rights of
   the victims more than the rights of the defendants and where
   he properly instructed that the defendants could be convicted
   only if proved beyond a reasonable doubt to have committed
   murder.

2. WITNESSES—CRIMINAL LAW—IMPEACHMENT—PROSECUTION WIT-
   NESSES—MISDEMEANOR CONVICTIONS.

   Witnesses for the prosecution in a criminal trial may not be
   impeached by the introduction of misdemeanor convictions.

3. WITNESSES—CRIMINAL LAW—REDIRECT EXAMINATION—HEARSAY
   STATEMENTS—CROSS-EXAMINATION.

   A prosecutor was properly allowed to inquire on redirect exami-
   nation into a hearsay statement deliberately elicited by defense
   counsel on cross-examination; a witness should be allowed to
   explain an answer elicited on cross-examination.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 905.
[2] 81 Am Jur 2d, Witnesses § 571.
[3] 81 Am Jur 2d, Witnesses § 425.
[4] 5 Am Jur 2d, Appeal and Error § 545.
[5] 5 Am Jur 2d, Appeal and Error §§ 524–527.
[6] 5 Am Jur 2d, Appeal and Error § 553.

4. CRIMINAL LAW—PRETRIAL EXAMINATION—UNDULY SUGGESTIVE PROCEDURES—PRIOR KNOWLEDGE—PRESERVING QUESTION.

A defendant's contention that a pretrial examination procedure was unduly suggestive is not preserved for appeal where defense counsel knew before trial of the circumstances alleged to have been improper but raised that issue for the first time on appeal.

5. CRIMINAL LAW—PROSECUTORS—CLOSING ARGUMENTS—PREJUDICE— PRESERVING QUESTION.

A defendant's claim that he was prejudiced by a prosecutor's closing argument to a jury will not be heard on appeal where any possible prejudice could have been cured by timely objection and a proper instruction and no objection was made at trial.

6. CRIMINAL LAW—PRETRIAL IDENTIFICATION—IMPROPER PROCEDURE— FAILURE TO OBJECT—CONSTITUTIONAL LAW—EFFECTIVE COUNSEL —TRIAL ACTIONS.

A defense attorney's failure to object to an allegedly improper pretrial identification procedure did not amount to ineffective assistance of counsel where the failure to object was clearly a trial tactic.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted June 6, 1977, at Detroit. (Docket Nos. 26199, 25289, 25347, 25758.) Decided August 23, 1977. Leave to appeal applied for.

Ivie Bowen, William Irby, Tyrone Peters, and Lamarr Leatherwood were convicted of first-degree murder. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Richard L. Ruby,* for defendant Bowen.

*Carl Ziemba,* for defendant Irby.

*George Dovas,* for defendant Peters.

*Nelson and Louisell,* for defendant Leatherwood.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. The four defendants were all convicted of three counts of first-degree felony murder by a jury on April 16, 1975. MCLA 750.316; MSA 28.548. They appeal as of right.

The most troublesome issue of several raised by defendants concerns part of the trial court's instructions to the jury:

"Now members of the jury the time has come for the Court to give you this case for your careful consideration. All participants in a criminal case have rights. I have told you the defendants have a right to a fair and impartial trial. You said that you could give them a fair and impartial trial.

"The Biondos had rights, too. They had a right to pursue happiness and a right to live, and these rights must be balanced. All persons have inalienable rights, the right to life, liberty and the pursuit of happiness. And in a criminal case both sides have rights, not just the defendants. The victims have rights, too. You should consider those rights. And I so instruct you to do that."

Defense counsel objected to this charge in a timely manner.

While we question this type of comment by a trial judge during jury instructions, we do not find that this particular comment requires reversal.

A trial judge's comment in the course of instructing the jury amounts to reversible error if the judge "charged for conviction". *People v*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Brown,* 43 Mich App 170; 204 NW2d 72 (1972), *People v Wichman,* 15 Mich App 110; 166 NW2d 298 (1968).[1]

In *People v Brown, supra,* the following instruction was held to amount to a "charge for conviction":

"In doing so, you will weigh, analyze the respective theories of each side, and in fact, if you find that the defendant did assault Emmett Evans on this date and this occasion, then you will convict him. Disregarding any sympathy you may have for his cause or for the defendant himself because he does have a physical affliction. Because in a larger sense, this is not the case of the People of the State of Michigan on behalf of Emmett Evans, it is the peace and dignity of the peace of the people of the State of Michigan for whom you represent [sic] that is making the charges here today. For we are in difficult times in this country. We are now in a situation where we are going to have the rule of law or the rule of the mob. Because if you have listened to this testimony and if an assault did take place, this man was not assaulted because he was Emmett Evans, he was not assaulted because he was a wrestling instructor at Wayne University. He was assaulted, if one took place, because someone thought he was a pig. The proper vernacular these days for a policeman."

In effect, the trial judge charged the jury that they should convict the defendant for the sake of law and order, not on the basis of the evidence before them.

In contrast to the instruction in *Brown,* the instruction in the instant case did not tell the jury

---

[1] We recognize that a "charge for conviction" cannot be harmless error. Where improper judicial comment during jury instructions is so excessively persuasive as to be an affront to the integrity of the trial process, the question is not whether the error was harmless, but whether it was prejudicial. *People v Brown,* 43 Mich App 170; 204 NW2d 72 (1972). *See People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972).

that they should convict defendants regardless of the evidence.

The trial judge here apparently tried to state that there are conflicting rights, the rights of defendants to a fair trial and the right of the state to a conviction if the evidence warrants it. *I.e.,* the victims' "rights" include a right to a conviction of those persons proved beyond a reasonable doubt to have committed murder. The judge did not just stress the victims' rights, but told the jury to "balance" the rights of each side. This comment did not amount to a "charge for conviction".

Defendants next contend that a prosecution witness was incompetent and that the trial court should have stricken his testimony. However, the record shows no abuse of discretion by the trial judge in allowing the witness to testify. See *People v Atcher,* 65 Mich App 734; 238 NW2d 389 (1975).

Likewise, the trial judge did not abuse his discretion in excusing the nonproduction of a res gestae witness. There was ample evidence in the record of the prosecution's due diligence in trying to locate the witness. See *People v Blacksmith,* 66 Mich App 216; 238 NW2d 810 (1975).

The trial judge did not err in refusing to allow impeachment of a prosecution witness with a misdemeanor conviction. *People v Renno,* 392 Mich 45 219 NW2d 422 (1974), has been interpreted to prohibit the impeachment of prosecution witnesses with misdemeanor convictions. In *People v Alphus Harris,* 56 Mich App 517, 528; 224 NW2d 680 (1974), this Court stated:

"The Michigan Supreme Court has limited such impeachment to convictions of felonies in *People v Renno,* 392 Mich 45, 55; 219 NW2d 422, 425 (1974), which said:

" 'We do not hesitate in this case to prohibit the further use of municipal ordinance or misdemeanor

convictions used by the prosecution *solely for impeachment purposes.'*

"Presumably this applies to any witness and not only to a defendant, and bars such questions by defense counsel as well as by the prosecutor, but we do not think the rule will apply to civil cases which are governed by GCR 1963, 607." (Emphasis in original.)

Thus, the trial judge correctly ruled that misdemeanor convictions were inadmissible for impeachment of the witness.[2]

The trial court also did not err in allowing the prosecutor, on redirect examination, to inquire into a hearsay statement deliberately elicited by defense counsel on cross-examination. A witness should be allowed to explain an answer elicited on cross-examination. *Carreras v Honeggers & Co, Inc,* 68 Mich App 716; 244 NW2d 10 (1976).

Defendant's contention that a pretrial examination procedure was unduly suggestive is not preserved for appeal where defense counsel knew of

---

[2] This is consistent with the Court's analysis in *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974).

"This type of conviction [misdemeanor] was never intended by our Legislature to fall within the confines of MCLA 600.2158; MSA 27A.2158 or MCLA 600.2159; MSA 27A.2159." 392 Mich at 55.

MCLA 600.2158; MSA 27A.2158 reads in part:

"No person shall be excluded from giving evidence on any matter, civil or criminal, by reason of crime or for any interest of such person * * * ; but such interest, * * * or conviction of crime, may be shown for the purpose of drawing in question the credibility of such witness * * * ."

MCLA 600.2159; MSA 27A.2159 reads in part:

"No person shall be disqualified as a witness in any civil or criminal case or proceeding by reason of his interest in the event of the same as a party or otherwise or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

Thus, the Court in *Renno* held that misdemeanor convictions could not be used to impeach any witness in a criminal case.

We note that Michigan Proposed Rules of Evidence, 609(a)(2)(B) would allow impeachment of witnesses in criminal cases with certain misdemeanor convictions. However, the commentary recognizes that 609(a)(2)(B) is inconsistent with prior Michigan case law.

the circumstances alleged to have been improper, but raises that issue for the first time on appeal. *People v Flippo,* 70 Mich App 652; 247 NW2d 321 (1976).

During the prosecutor's closing argument, he stated: "And William Irby has the audacity to get on the stand, under oath, and tell you that he was not there." This statement is objected to for the first time on appeal; no curative instruction was requested. Without necessarily endorsing this type of argument, or finding it improper, we find that any possible prejudice could have been cured by timely objection and a proper instruction. Therefore, reversal is not required. *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976).

Finally, there is no merit to defendant Leatherwood's claim that he was denied effective assistance of counsel because his attorney did not object at trial to a pretrial identification procedure. This was clearly a trial tactic; it was not ineffective assistance of counsel. See *People v Phelps,* 57 Mich App 300; 225 NW2d 738 (1975). See, generally, *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Affirmed.