PEOPLE v HILL

Docket No. 30191. Submitted April 12, 1978, at Lansing.—Decided June 6, 1978.

Edward W. Hill was convicted of armed robbery in Washtenaw Circuit Court, William F. Ager, Jr., J. Defendant appeals claiming that the trial judge erred in not holding an evidentiary hearing to establish that in-court identifications made by two witnesses had a basis independent from any pretrial photographic lineups and in excluding expert testimony on the process by which people perceive and remember events and how pretrial identification procedures could affect this process. *Held:*

1. Eyewitnesses may not be shown photographs for the purpose of identifying a defendant while he is in custody and without his counsel being present. In-court identifications by eyewitnesses who have participated in improper pretrial procedures must be suppressed unless there is a showing at an evidentiary hearing, by clear and convincing evidence, that some basis other than the pretrial procedure was used to make the identification.

2. Remand for an evidentiary hearing is necessary where it was claimed that in-court identifications were based on improper pretrial identification procedures and no evidentiary hearing was held or where the record of the hearing is insufficient for the purposes of appellate review.

3. Expert testimony on the process by which people perceive and remember events and how pretrial identification procedures can affect this process can be relevant and important in some cases; the decision to admit or exclude this evidence is entrusted to the discretion of the trial court. The trial judge in this case did not commit reversible error in excluding such evidence. The ruling does not appear inconsistent with substantial justice.

Remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 29 Am Jur 2d, Evidence §§ 371–373, 791.

Admissibility of evidence as to extrajudicial or pre-trial identification of accused. 71 ALR2d 449.

1. WITNESSES—CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHIC DIS-
   PLAY—EVIDENTIARY HEARING—INDEPENDENT BASIS—ATTORNEY
   AND CLIENT.

   A trial judge is required to hold an evidentiary hearing to
   determine whether in-court identifications have a sufficient
   independent basis where eyewitnesses were shown photographs
   for the purpose of identifying a defendant while he was in
   custody and without his counsel being present.

2. WITNESSES—CRIMINAL LAW—IDENTIFICATION—IMPROPER PRETRIAL
   PROCEDURES—INDEPENDENT BASIS.

   An in-court identification by an eyewitness who has participated
   in improper pretrial procedures must be suppressed unless
   there is a showing by clear and convincing evidence that the in-
   court identification was made on some other basis than the
   pretrial identification procedure.

3. WITNESSES—CRIMINAL LAW—IDENTIFICATION—EVIDENTIARY HEAR-
   ING—INDEPENDENT BASIS.

   Mere reiteration of a witness's ability to recognize, or the cer-
   tainty of recognition, is not enough to support an in-court
   identification allegedly based on an improper pretrial identifica-
   tion procedure; the facts and circumstances of the conditions
   under which the initial identification was made must be consid-
   ered.

4. WITNESSES—CRIMINAL LAW—PHOTOGRAPHS—IDENTIFICATION—EVI-
   DENCE—EVIDENTIARY HEARING—INDEPENDENT BASIS—QUESTION
   OF LAW—QUESTION OF FACT.

   A witness's failure to make a positive identification from photo-
   graphs does not necessarily mean that a later identification was
   not influenced by the photographic lineup; the failure of a
   witness to identify an accused from the pictures may be suffi-
   ciently clear and convincing evidence to support a finding of
   fact that an in-court identification had an independent basis
   but it does not establish an independent basis as a matter of
   law so as to preclude the introduction of any contrary evidence
   on the issue; this finding of fact is to be determined after an
   evidentiary hearing.

5. WITNESSES—CRIMINAL LAW—IDENTIFICATION—INDEPENDENT BASIS
   —APPEAL AND ERROR.

   The admission of in-court identifications is not harmless error
   where the record is insufficient for appellate review concerning
   such factors as opportunity for observation, prior knowledge,
   accuracy of description, discrepancies, prior identification, lapse
   of time, idiosyncrasies or special features which are necessary
   to support an independent basis for an in-court identification,

how these factors affected the accuracy of the identification or interacted in the particular case, and whether the people had shown an independent basis by clear and convincing evidence.

6. Witnesses—Evidence—Pretrial Identification—Mental Processes—Admissibility—Judge's Discretion.

Generally, expert testimony on the processes by which people perceive and remember events and how pretrial identification procedures can affect these processes is excluded; however, in some cases such testimony could be relevant and important and the decision to admit or exclude it is in the trial court's discretion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*J. Michael Schroer,* for defendant on appeal.

Before: Danhof, C. J., and Bronson and Cynar, JJ.

Per Curiam. On June 29, 1976, defendant was convicted by a jury of armed robbery in contravention of MCL 750.529; MSA 28.797 and was sentenced to a term of life imprisonment. He appeals as of right claiming that the trial judge erred in not holding an evidentiary hearing to establish that the in-court identifications made by two witnesses had a basis independent from any pretrial photographic lineups and in excluding expert testimony on the process by which people perceive and remember events and how pretrial identification procedures could affect this process.

At trial, two eyewitnesses testified that they had been shown photographs for the purpose of identifying the robber. This occurred while defendant was in custody and without his counsel being present in contravention of the holding in *People v*

*Anderson,* 391 Mich 419; 216 NW2d 780 (1974). Therefore, before any in-court identifications were admitted into evidence, the trial judge was required to hold an evidentiary hearing to determine whether the in-court identifications had a sufficient independent basis, *People v Anderson,* 389 Mich 155, 167; 205 NW2d 461 (1973). In *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977), the Supreme Court set out the principles on which such determination should be based. The in-court identification by an eyewitness who has participated in improper pretrial procedures must be suppressed unless there is a showing by clear and convincing evidence that the in-court identification was made on some other basis than the pretrial identification procedure, *Kachar, supra.* "It is not enough that the witness merely reiterates an ability to recognize, or the certainty of recognition, but the facts and circumstances of the conditions under which the initial identification was made must be considered." *Kachar, supra,* 94.

"The court should attempt, in its evidentiary hearing, to examine as many factors as are applicable to a particular case. All will not be of equal weight, but it is within the trial court's discretion, keeping in mind the appropriate legal and psychological principles to determine, on balance, whether the prosecution has carried its burden of proof.

"Upon consideration of such relevant factors, the trial court must state on the record the reasons for determining whether the prosecution has established by clear and convincing evidence that the in-court identification has a sufficient independent basis to purge the taint caused by the illegal confrontation." *Kachar, supra,* 97.

At trial, there was no record made of any evidentiary hearing concerning the independent basis

of Miss Colbin's testimony. The prosecutor, on appeal, contends that Miss Colbin's inability to identify defendant from the photographs shown to her establishes a sufficient independent basis, see *People v Manuel Johnson,* 58 Mich App 347; 227 NW2d 337 (1975). We decline to hold that the witness's failure to positively identify the defendant establishes, as a matter of law, a sufficient independent basis. As the Court noted in *Anderson, supra,* many factors which influence the accuracies of identifications are subconscious or hard to recognize. The witness's failure to make a positive identification from the photographs shown to her, does not necessarily mean that a later identification was not influenced by this photographic lineup. While the failure of the witness to identify the accused from the pictures may be sufficiently clear and convincing evidence to support a finding of fact that the in-court identification had an independent basis, it does not establish an independent basis, as a matter of law, so as to preclude the introduction of any contrary evidence on the issue. This finding of fact is to be determined after an evidentiary hearing. If, as the prosecutor claims, no photographs of defendant were shown to the witness, then the prosecutor should establish this fact at the hearing. Normally, this burden on the prosecutor is not great since this evidence is usually readily available to him.

Defendant also made a motion to suppress the testimony of Mr. Downer. After his testimony, the jury was excused and objections were raised concerning it. He was questioned about the identification procedure and his ability to identify defendant. However, the record of this discussion is insufficient for the purposes of appellate review under the standard enunciated in *Kachar, supra.*

The record does not show any inquiry into the factors enumerated in *Kachar, supra,* as affecting the accuracy of the identification. Also, there is no finding by the trial court on how these factors interacted in this particular case and no conclusion as to whether the people had shown an independent basis by clear and convincing evidence. The admission of these in-court identifications cannot be considered harmless error under *People v Anderson,* 389 Mich 155, 169; 205 NW2d 461 (1973).

Consequently, a remand for an evidentiary hearing on this issue is required. If, at this hearing, the people can establish by clear and convincing evidence that the in-court identification by these two witnesses[1] had a basis independent of the pretrial identification procedure, the conviction is affirmed. If an independent basis cannot be shown, the conviction is reversed and a new trial is ordered.

The second issue raised by defendant involves the trial judge's decision not to admit expert testimony on the process by which people perceive and remember events and how pretrial identification procedures can affect this process. The trial judge, in exercising his discretion, excluded this evidence on the basis that; the expert had not interviewed any of the eyewitnesses; that the subject matter of his testimony was within the experiences of ordinary laymen; and that its introduction would result in counter-expert testimony by the people on this subject and this would not be an efficient use of limited judicial resources. He did not exclude

---

[1] On appeal, defendant also assigns as error the introduction of an in-court identification by Mr. Rosen, who was shown a photographic lineup. However, since this issue was not presented to the trial court and no motion to surpress was made, the issue has not been preserved for review, *People v Tofil,* 31 Mich App 342; 188 NW2d 63 (1971), *People v Matthews,* 22 Mich App 619; 178 NW2d 94 (1970).

this evidence on the basis that it embraced an ultimate issue of fact, see GCR 1963, 605. The judge ruled that this issue could be presented to the jury during closing argument but that it was not proper to introduce testimony on it.

Historically, expert testimony on this issue has been excluded unless the witness suffered from physical or mental disorders or delusions, 20 ALR3d 684. The holdings in Michigan cases, *People v Cowles,* 246 Mich 429; 224 NW 387 (1929), *People v Bastian,* 330 Mich 457; 47 NW2d 692 (1951), are consistent with this analysis. Proper expert testimony on the perception and memory processes and how pretrial identification procedures can affect it may be relevant in some cases. The emphasis the Supreme Court in *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), placed on the psychological factors involved in this process, demonstrates the importance of these factors. However, the decision to admit or exclude evidence involves more than a determination of mere relevancy. See MRE 403. The decision to admit or exclude such evidence is entrusted to the trial court's discretion, *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), and this decision will not be reversed absent an abuse of discretion. Furthermore, under GCR 1963, 529.1, "No error in * * * the exclusion of evidence * * * is ground for * * * setting aside a verdict * * * unless refusal to take such action appears to the court inconsistent with substantial justice".

The trial judge in this case did not commit reversible error in excluding this testimony. The expert had not interviewed or questioned any of the eyewitnesses about whom he was to testify and had only observed them in the courtroom. Also, the trial judge did not completely foreclose the

presentation of this issue since he offered to let counsel pursue the matter during closing argument. Furthermore, the decision not to reverse the judge's ruling on this issue does not appear inconsistent with substantial justice and so the verdict cannot be set aside, GCR 1963, 529.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.