PEOPLE v TILL

Docket No. 60280. Decided July 27, 1979. On request by defendant for
    appointment of counsel the Supreme Court, in lieu of granting
    leave to appeal, reversed the defendant's conviction and re-
    manded for a new trial. Rehearing denied 407 Mich 1155.

Samuel L. Till was convicted by a jury in Recorder's Court of
    Detroit, Michael J. Connor, J., of first-degree murder. One
    witness for the prosecution, Mamie Mayes, testified on cross-
    examination that she identified the defendant in a lineup and
    was impeached by evidence that she did not. On rebuttal,
    testimony by a police officer that the witness had identified the
    defendant's photograph without the presence of defense counsel
    at a time when defendant Till was in police custody was
    admitted into evidence to rehabilitate the impeached witness,
    over objection by the defendant. The Court of Appeals, J. H.
    Gillis, P.J., and Bronson and Robinson, JJ., affirmed in a
    memorandum opinion (Docket No. 26279). On request by defen-
    dant for appointment of counsel the Supreme Court issued a
    per curiam opinion in which it was *held:*

    1. Testimony concerning the photographic identification
    should not have been admitted into evidence. The photographic
    identification of defendant Till violated the rules that, because
    of the problems inherent in photographic identifications, they
    are not admissible into evidence where the defendant is in
    custody, and thus available for lineup, and that in the rare and
    special circumstances where a photographic identification is
    necessary the suspect is entitled to have an attorney present at
    the identification.

    2. The people argue that the photographic identification was
    nevertheless admissible on rebuttal to rehabilitate the im-
    peached witness. The rule excluding from evidence such photo-
    graphic identifications is designed to protect against untrust-
    worthy identification rather than unknowing waivers of a
    defendant's rights, and therefore the evidence may not be used
    directly or for impeachment purposes. Neither is the photo-
    graphic identification admissible as a prior consistent state-
    ment because the fact that the witness picked out the defen-

dant's photograph does not show that she identified him in a live lineup.

3. The error in this case was clearly not harmless. The only other admissible evidence against Till tending to link him to the crime was the testimony of an accomplice who was granted immunity from prosecution. That testimony would be cautiously considered by the jury, and a disinterested witness's identification of the defendant might well have been decisive.

The defendant's conviction is reversed and the case is remanded for a new trial.

Samuel L. Till, *in propria persona.*

PER CURIAM. The defendant, Samuel Till, was jointly tried with codefendant Frank Thompson. The two were alleged to have participated in a kidnap-murder with Ernest Browning, Larry Lester and Michael Champion. The victims, Luther McCoy and Clifford Riley, were kidnapped and taken to Thompson's house. Phone calls were made to McCoy's family demanding ransom, no ransom was received, and the hostages were taken to a vacant house and shot by Browning.

Mamie Mayes identified Till as a participant in the kidnapping. She stated on cross-examination that she identified him in a lineup and was impeached by evidence that she did not. In rebuttal, a photographic identification of Till, inadmissible under *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), because Till was in custody at the time of the photographic identification, was then admitted to rehabilitate Mayes. This was reversible error.

I

Mamie Mayes supplied some of the evidence linking Till with the crime. She testified that on the night of the kidnap-murder she heard a car

stop outside her house. She looked out the window and saw a car with its motor running. A man got out of the car and waved toward the end of the street. She left the window to check her baby and when she returned another car was stopped near the first. Three men got out of the second car. Two of the men were forcing a third toward the first car. They had a gun to his head and his hands were fastened behind his back. They all drove off in the first car.

At trial, Mayes identified a photograph of the man with the gun at his head. Thompson's counsel asked if she recognized anyone in the courtroom as one of the men in the car. She identified Till, but not Thompson. On cross-examination by Till's counsel, she testified that she had been to *show-ups* and had identified Till. Till's counsel clarified that it was a *live* show-up that he was asking about. Again she answered "yes", she had identified Till. The only participant she claimed to have identified in a show-up was Till.

The "show-up attorney" on the day the lineups were conducted testified for the defense that Mayes participated in three lineups, one with seven participants and two with six. Till did not participate in any of the three lineups. In the first lineup Mayes identified individual number 4. She said that numbers 5 and 7 looked like the man but "number 4 looks exactly like the one who was in the car". She made no identification in the second lineup, and she identified one individual in the third lineup. Neither of the people she identified was Till or any other of the participants.

In rebuttal, the prosecution offered, over objection, the testimony of the officer who had conducted a photographic lineup in which Mayes identified Till and Browning. The photographic

identification was conducted without the presence of counsel at a time when Till was in custody. The judge admitted the testimony as a prior consistent statement for the limited purpose of rehabilitating Mayes.

## II

### A

Testimony concerning the illegal photographic identification should not have been admitted. In *Anderson, supra,* this Court discussed the problems inherent in photographic identifications and held those identifications unacceptable when the defendant is in custody and thus available for a lineup and, in the rare and special circumstances when a photo identification is necessary, that the suspect is entitled to have an attorney present at the identification. The identification of Till violated this rule. It was, therefore, inadmissible in the people's case in chief.

The people argue that the identification was nevertheless admissible on rebuttal. The people analogize to *Harris v New York,* 401 US 222; 91 S Ct 643; 28 L Ed 2d 1 (1971), where the defendant's statement, inadmissible because it was obtained in violation of *Miranda,*[1] was held admissible to impeach his statements on direct examination. *Harris* rested on the analysis that a defendant should not be permitted to perjure himself and then insulate his false statements behind an exclusionary rule. In *Harris,* the impeaching statement was obtained in violation of *Miranda's* prophylactic rule which guards against unknowing waivers of Fifth Amendment rights without regard to

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

whether the statement is voluntary. *Harris* made "no claim that the statements made to the police were coerced or involuntary"; the Court said that *Miranda* did not bar for all purposes evidence inadmissible in the case in chief "provided of course that the trustworthiness of the evidence satisfies legal standards". 401 US 224.

In *People v Reed,* 393 Mich 342, 356; 224 NW2d 867 (1975), this Court recognized that distinction and held that "an involuntary confession because of its untrustworthy evidentiary value is not usable either as direct evidence or for impeachment purposes". The *Anderson* rule excluding counselless photographic identifications of persons in custody is designed to protect against untrustworthy identification and is thus within the principle of *Reed* and unlike *Harris.*

## B

The trial court admitted the identification as a prior consistent statement, not to be considered as evidence but merely to rehabilitate Mayes. The identification was not admissible on this basis.

Mayes testified that she identified Till in a lineup. Till's witness proved that she did not and that, in fact, she identified other persons. The fact that she picked Till's picture in a photographic identification does not show she identified Till in a live lineup and hence was not a consistent statement.

## C

The people should not have been permitted to bring in the inadmissible photographic identification in rebuttal. The error was clearly not harmless. The only other evidence admissible against

Till tending to link him to the crime was the testimony of an accomplice who had been granted immunity. That testimony would be cautiously examined by the jury. A disinterested witness's identification of the defendant might well have been decisive. Consequently, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the defendant's conviction and remand the case to Recorder's Court for the City of Detroit and for a new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.