PEOPLE v MEANS (ON REMAND)

Docket No. 46252. Submitted March 5, 1980, at Grand Rapids.—
Decided May 1, 1980.

Eddie Means was convicted of armed robbery following a jury
trial in Muskegon Circuit Court, Charles A. Larnard, J. At
trial, defense counsel failed to move for the exclusion of the in-
court identification of defendant by a witness who had identi-
fied defendant at a photographic show-up conducted in the
absence of legal counsel some three years after the commission
of the crime and after defendant had been arrested and placed
in custody on this charge. Defense counsel further failed to
move for a hearing on the voluntariness of defendant's confes-
sion, which was admitted at trial, even though there was
serious doubt as to its voluntariness, and failed to object to
certain prejudicial remarks by the prosecutor and a prosecution
witness. Defendant appealed. Appellate counsel filed a motion
to withdraw and a brief in support of the motion to withdraw
pursuant to *Anders v California,* 386 US 738; 87 S Ct 1396; 18
L Ed 2d 493 (1967). The Court of Appeals, by an unpublished
order (Docket No. 23262, order of February 18, 1976), granted
the motion to withdraw and affirmed defendant's conviction.
*Defendant filed a delayed application for leave to appeal with
the Supreme Court. The Supreme Court, in lieu of granting
leave to appeal, remanded to the Court of Appeals for plenary
consideration of the issues raised by defendant in his applica-
tion for delayed leave to appeal. See 406 Mich 989 (1978). Held:*

1. A criminal defendant is denied effective assistance of
counsel such that the defendant is entitled to a new trial if
trial counsel does not do at least as well as a lawyer with
ordinary training and skill in the criminal law and does not

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 21 Am Jur 2d, Criminal Law § 315.
Incompetency of counsel chosen by accused as affecting validity of
conviction. 74 ALR2d 1390.
[2] 5 Am Jur 2d, Appeal and Error § 548 *et seq.*
[3] 29 Am Jur 2d, Evidence §§ 371, 371.6.
Extrajudicial or pretrial identification of accused, admissibility of
evidence as to. 71 ALR2d 449.

conscientiously protect defendant's interests undeflected by conflicting considerations or has made a serious mistake which, if not made, would have given the defendant a reasonable likelihood of acquittal.

2. To establish a claim of ineffective assistance of trial counsel ordinarily requires the convicted person to be able to point to the lower court record to support his claim and to exclude hypotheses consistent with the view that his trial counsel represented him adequately. A motion for a new trial is not necessary to preserve the question of the adequacy of trial counsel if the question was fully explored at trial and the lower court record contains sufficient facts to reach the issue.

3. The pretrial photographic show-up was improper and tainted the in-court identification of the witness. While an in-court identification may be permitted where it is shown to have a basis independent of an improper pretrial show-up, it is unnecessary to decide that question in order to resolve the question of whether defendant was denied effective assistance of counsel.

4. Defense counsel's failure to object to the in-court identification, coupled with counsel's failure to seek a hearing on the voluntariness of defendant's confession and to object to the prejudicial remarks, convinces the Court of Appeals that the defendant was denied effective assistance of counsel. Even if the inaction of defense counsel with respect to the tainted in-court identification were considered to be an intentional trial tactic, the Court of Appeals would be compelled to conclude that such a tactic was a serious mistake which was decisive to the outcome of the trial and which would thus warrant the granting of a new trial.

Reversed and remanded.

1. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — STANDARD.

A criminal defendant is denied effective assistance of counsel such that the defendant is entitled to a new trial if his trial counsel does not do at least as well as a lawyer with ordinary training and skill in the criminal law and does not conscientiously protect defendant's interests undeflected by conflicting considerations or has made a serious mistake which, if not made, would have given the defendant a reasonable likelihood of acquittal.

2. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — APPEAL — RECORD — MOTION FOR NEW TRIAL.

An appellate claim of ineffective assistance of trial counsel ordi-

narily requires the convicted person to be able to point to the lower court record to support his claim and to exclude hypotheses consistent with the view that his trial counsel represented him adequately; a motion for a new trial is not necessary to preserve an inadequacy of counsel claim if the circumstances surrounding the alleged deficiencies of defendant's trial counsel were fully explored at trial and the lower court record contains sufficient facts to reach the issue.

3. Witnesses — Criminal Law — Identification — Show-Up — Photographs — Exclusion of Evidence — Independent Basis.

A pretrial photographic show-up conducted in the absence of legal counsel some three years after the crime and after the defendant was arrested and in custody for the charge in question taints the in-court identification of a witness who was shown the photographs; the in-court identification of a witness whose identification testimony is tainted by a pretrial show-up should be excluded at trial unless the in-court identification is shown to have a basis independent of the improper pretrial identification procedure.

4. Criminal Law — Effective Assistance of Counsel — Failure to Object — Trial Tactic — Serious Mistake.

A failure of defense counsel to move for the exclusion of any in-court identification of defendant by a witness who participated in an improper pretrial photographic identification of defendant, when coupled with defense counsel's failure to move for a hearing on the voluntariness of defendant's confession and to object to prejudicial remarks made by the prosecution and a prosecution witness, is sufficient to establish, even in the absence of a trial court hearing on the question of an independent basis for the in-court identification, that defendant was denied effective assistance of counsel, where the Court of Appeals finds, on the basis of the record before it, that defense counsel's inaction concerning the identification testimony did not meet the expected standard of representation and, if such inaction was a trial tactic, it was a serious error where it was decisive to the outcome of the trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Stephen C. Corwin,* Senior Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: ALLEN, P.J., and M. F. CAVANAGH and C. W. SIMON, JR.,* JJ.

ON REMAND

PER CURIAM. Defendant was indicted by a grand jury in June, 1974, for the offense of armed robbery allegedly committed on May 5, 1971. He was arrested on June 27, 1974, and, following a jury trial, was convicted of armed robbery on October 23, 1974. MCL 750.529; MSA 28.797. On December 3, 1974, defendant was sentenced to 5 to 15 years imprisonment. He appealed to the Court of Appeals, which affirmed. He filed application for leave to appeal in the Supreme Court. That Court, in lieu of granting leave, remanded to the Court of Appeals for consideration of the issues raised in the application for leave to appeal. See 406 Mich 989 (1979).

The sole issue raised on appeal is whether defendant received effective assistance of counsel. The inadequacy of an accused's trial counsel entitles him to a new trial if counsel does not perform "at least as well as a lawyer with ordinary training and skill in the criminal law", and does not conscientiously protect his client's interests undeflected by conflicting considerations. *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976). In addition to meeting this standard, defense counsel must not have made a "serious mistake" without which defendant would have had a reasonable likelihood of acquittal. *Garcia, supra,* 266, *People v Hanna,*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

85 Mich App 516, 523; 271 NW2d 299 (1978), *lv den* 406 Mich 893 (1979).

Ordinarily, where a convicted person attacks the adequacy of his trial counsel, he must be able to point to a lower court record which supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately. *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973), *People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971). Here the facts and circumstances surrounding the alleged deficiencies of defendant's trial counsel were fully explored at trial, and the record contains sufficient facts to reach the issue. *People v Moore,* 391 Mich 426, 431; 216 NW2d 770 (1974), *People v Krokker,* 83 Mich App 474, 477; 268 NW2d 689 (1978). Accordingly, the absence of a motion for new trial or evidentiary hearing on the issue is not fatal to defendant's claim on appeal. Compare, *People v McKenzie,* 67 Mich App 356, 362; 241 NW2d 205 (1976), *lv den* 406 Mich 958 (1979), and *People v Clemons,* 74 Mich App 448, 454-455; 253 NW2d 795 (1977), with *People v Michael Anthony Williams,* 391 Mich 832 (1974), and *Moore, supra,* 431.

The record makes clear that the police officers investigating the case showed photographs to the victim, for the purpose of identifying the defendant, after defendant was taken into custody. In addition, the photographic show-up was conducted in the absence of legal counsel. Testimony concerning the victim's photographic identification was admitted at trial. The victim also made an in-court identification of the defendant.

The parties agree that the foregoing procedure violated defendant's rights under the rule set forth in *People v Anderson,* 389 Mich 155, 186-187; 205

NW2d 461 (1973), and *People v Jackson,* 391 Mich 323, 338-339; 217 NW2d 22 (1974). The display of photographs to the victim after the defendant was arrested and placed in custody on this charge, and more than three years after the commission of the crime, constituted an erroneous procedure on the part of the investigating officers. As such, the evidence of identification should have been excluded from trial. *Id.* Defendant's trial counsel failed to move to suppress this evidence. On appeal, defendant claims that this failure demonstrates the inadequacy of his trial counsel.

The prosecution contends that the reason defense counsel may not have moved to suppress this evidence is because he may have concluded, in light of the facts in the case and this Court's decision in *People v Stewart,* 63 Mich App 6; 233 NW2d 870 (1975), that the victim's in-court identification had a basis independent of the improper pretrial identification procedure. Had this been true, we would be inclined to agree that the in-court identification would have been proper. *People v Kachar,* 400 Mich 78, 83; 252 NW2d 807 (1977), *Anderson, supra,* 188. However, though we decline to specifically rule on the merits of the argument, especially in the absence of a full hearing on the matter, *Kachar, supra, People v Hill,* 84 Mich App 90, 95; 269 NW2d 492 (1978), we note the existence of persuasive evidence that the victim-witness did not have a basis independent of her tainted pretrial identification for her in-court identification of the defendant. During cross-examination, the witness testified that her in-court identification of defendant was not wholly based upon her memory of the incident:

"*Q.* Is your identification in court today based upon the fact that Eddie Means is sitting there, and the fact

that you have previously picked him out of a picture, or is that identification based upon your current memory of what happened in May of 1971?

"A. Both."

Despite this concession by the witness, defense counsel never moved to suppress her in-court identification as the "illegal fruit" of an improper pretrial identification procedure. In addition, defense counsel did not even object to the witness's testimony concerning her pretrial photographic identification of the defendant, a procedure which all acknowledge was clearly improper. *Anderson, supra, Jackson, supra.*

In view of these apparently serious errors, we could remand to the trial court for a hearing to determine whether, in fact, the witness had an independent basis for her in-court identification, *Kachar, supra.* However, we note that, even if the trial judge resolved the issue in favor of admissibility, there would remain the problem of the witness's testimony concerning her pretrial identification. Consequently, rather than remand for such a hearing, we are required to determine whether defense counsel's failure to move for suppression of the identification testimony constituted a decisive error or evinces a failure to perform "at least as well as a lawyer with ordinary training and skill in the criminal law". *Garcia, supra,* 264.

In light of the other factors revealed in the record, demonstrating that defense counsel failed to conscientiously protect his client's interests,[1] we

---

[1] On appeal, defendant cites two other instances which evince the inadequacy of his trial counsel. First, the voluntariness of defendant's confession, which was admitted at trial, was subject to serious doubt. Nevertheless, defense counsel failed to move for a *Walker* hearing. *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965). Second, defense counsel failed to object to certain prejudicial remarks by the prosecutor or prosecution witness which failure, though possi-

are inclined to hold that defense counsel's inaction concerning the identification testimony did not meet the standards of representation expected of "a lawyer with ordinary training and skill in the criminal law". In this regard, *People v Phelps,* 57 Mich App 300, 306; 225 NW2d 738 (1975), is distinguishable from the instant case because there, counsel had requested a pretrial evidentiary hearing, and a ruling denying the challenge had been made by the trial court. In addition, defense counsel in *Phelps* argued the suggestiveness of the entire identification procedure during his closing argument. Nothing in the instant record demonstrates that defense counsel's complete failure to consider the issue was "clearly a trial tactic". *People v Bowen,* 77 Mich App 684, 690; 259 NW2d 189 (1977).

Even if this inaction could be considered as an appropriate trial tactic,[2] we find that defense counsel made a "serious mistake" in adopting this tactic which was decisive to the outcome of the trial. *People v Karasek,* 63 Mich App 706, 715; 234 NW2d 761 (1975), *People v Degraffenreid,* 19 Mich App 702, 718; 173 NW2d 317 (1969), *Garcia, supra,* 266. Although the identification testimony was not the only evidence offered by the prosecution in its case against the defendant,[3] without the victim-

bly due to counsel's trial strategy, was, based upon our review of the record, more likely caused by counsel's oversight. We are not convinced that either instance is sufficient to mandate a finding that defendant was denied effective assistance of counsel as a matter of law. However, we observe that the cumulative effect of these apparent errors, combined with the error noted in the text of the opinion, requires a finding that defendant was denied his right to effective assistance of counsel.

[2] The prosecution asserts that defense counsel "may have considered that interrogation of the witness on the stand * * * may have given the witness the opportunity to 'practice' her testimony in advance of actually delivering same before a jury" and that he had "the enviable opportunity of observing the witness' demeanor" and "the certainty with which she testified".

[3] In addition to the victim-witness's testimony, the prosecution

witness's in-court identification of the defendant the prosecution's case against the defendant would have been considerably weakened, to the point that "in all likelihood" acquittal would result from a new trial without the mistake. *Karasek, supra, People v Tumpkin,* 49 Mich App 262, 264; 212 NW2d 38 (1973). See *People v Till,* 406 Mich 641, 645-646; 281 NW2d 297 (1979).

Accordingly, because we are persuaded that defendant was denied effective assistance of counsel at his first trial, we are required to reverse his conviction and remand this matter for a new trial.

Reversed and remanded.

primarily relied on the testimony of the defendant's in-custody admissions (see fn 1) and the testimony of an accomplice who had been granted immunity. See *People v Till,* 406 Mich 641, 646; 281 NW2d 297 (1979).